Richard Welch, pro se
2440 E. Tudor Rd.
Anchorage, AK 99507
(907)764-2894

Attorney for Plaintiff


RECEIVED
NOV 1 4 2011
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF ALASKA, ANCHORAGE

Richard Welch
    vs.   Plaintiff,

Municipality of Anchorage, AK;
Anchorage Police Department: Anchorage
Police Officers Rialta, Armstrong,
Davidson, Kerle, Mitchell, Vandervalk,
Henikman, Cottle, B. Cross;  APD
Supervisor/Duty Officer; APD Training
Coordinator; APD Police Chief Mew;
John Does I.,II.,III.,
    Defendants

Case no. 3:11-CV-00223-HRH

COMPLAINT UNDER 42 U.S.C. 1983

## JURISDICTION

This Court has Jurisdiction under 42 U.S.C. § 1983, and 28 U.S.C. § 1331;1343(a)(3).

This is an action claiming a violation of the United States Constitution's prohibition of excessive police force under the Fourth and Fourteenth Amendment. Venue lies in Anchorage, Alaska, because all of the acts described in this Complaint happened within the City.

## STATEMENT OF FACTS

1. Plaintiff at all times relevant to this action, was and is a resident of Anchorage, Alaska. The acts and omissions complained of herein occurred within the United States District of Alaska, and State of Alaska's Third Judicial District.

2. Defendant Municipality of Anchorage, is, and at all times mentioned was, a municipal corporation organized and existing under the laws of the State of Alaska.

3. Based on information and belief, officers Rialta, Armstrong. Davidson, Kerle, Mitchell, Vandervalk, Henikman, Cottle, B. Cross, and Police Chief Mews are at all times mentioned herein, residents of Anchorage, Alaska.

4. At all times mentioned herein, defendants/officers were employed as police officers by defendant, Municipality of Anchorage and Anchorage Police Department, and in doing the things described in this complaint were acting within the scope and course of that employment.

5. On information and belief, several of these officers were dispatched to 3501 E. 42nd Avenue, Apartment 129, when a girl, Angela Shangen, called to be taken in to CSP sleepoff. They encountered five gentlemen there, including plaintiff Richard Welch. During the course of this encounter, Mr. Welch was taken to the Anchorage Police Station and placed first into interview room three, then moved to a different one. All five gentlemen were likewise taken to APD Station, and placed into camera-monitored interview rooms. The supposed reason was to interview them for sexual assault. These charges were later decided by police to be unfounded. In fact, Mrs. Shangen's assault had taken place halfway across town, several hours earlier, and a police report had already been filed, and the real assailant had already been identified. (APD Case # 099-57009). Had officer Rialta and the other Defendants exercised even minimal due diligence this entire incident could have been avoided. All Mrs. Shangen wanted was to go to CSP sleepoff. The officers pushed her into any accusations she agreed to, as will be proven at trial by way of the police's own tapes. In a perverted twist of irony, the officers then referred Mrs. Shangan to the State District Attorney's office for filing false charges, after they were the ones to push her into the original statement in the first place. Their conduct throughout was unconscionable.

6. In the second interview room, four of these officers used excessive force by gang tackling Mr. Welch, violently, maliciously, with callous indifference and/or negligence, thereby directly causing serious bodily harm. One officer slammed his head, with his knee into the concrete, grinding his full body weight into Mr. Welch's head using his knee. A second officer slammed his knee using his full body weight into Mr. Welch's lower back while two other officers tied Mr. Welch's feet together. This procedure is known as gang tackling.

The officers then bent Mr. Welch backwards until the foot ties touched and were attached to the handcuffs. Mr. Welch tried to tell the officers that he couldn't breathe and that he was hurting, and they told him to shut up. This is known as hobbling. Officials of the Municipality of Anchorage are well aware of the regular use of both of these techniques. The Administration of Anchorage, as well as Police Chief Mew, also know of the regular use of these techniques. The Police Department does not issue hobble restraints, but it does allow officers to purchase and use them. Therefore, Plaintiff Welch herein states, on information and belief that MOA, APD, and Chief Mew under custom, agreement, acquiescence, show a callous indifference to the Defendants/Officers violation of Mr. Welch's Constitutionally protected Fourth and Fourteenth Amendment right against extremely excessive force. Mr. Welch was already sitting down and in handcuffs when this surprise assault took place. The door simply opened and all of the officers rushed Mr. Welch and slammed him to the concrete. All of this took place because Mr. Welch requested several times to use the bathroom, over the course of more than an hour.

8. The Detectives named above knew of this assault and did nothing to stop it. Some of the defendants named in the caption are officers and some were the on-scene detectives. Mr. Welch is not sure at this time which officers attacked him, but all of the named Defendants/Officers knew of and allowed his attack to happen without attempting to intervene or stop the assault. Defendant Rialta was one attacker, and knows the rest.

9. During the course of this hobbling assault, and as a direct result of it. Mr. Welch was severely injured with a crushed vertebral joint and other related injuries. He has been and still is undergoing treatments, procedures and surgeries as a direct result. He has also been taking strong pain medications, which doctors believe he may need for the rest of his life.

10. On information and belief, Police Chief Mew is aware of the use of gang-tackling and hobbling by officers and has taken no action to control or stop it, or to properly train officers in any particular technique to use to prevent serious bodily injury or death. In fact, Chief Mew not only acquiesces, but supports and encourages both techniques without any effective supervision whatsoever.

11. During the entire course of the assault, officers used a process of harassment, intimidation, and intentional malice toward Mr. Welch.

1  12. On information and belief, the Municipality of Anchorage was aware of the police
2  practice of hobbling at will, and has done nothing to stop or control it.
3  13. On information and belief, the Anchorage Police Department knows and approves of the
4  use of hobbling restraints and approves of it.
5  14. Mr. Welch subsequently suffered severe physical injuries and extreme pain and
6  suffering directly caused by the defendants in excess of $ 75,000.00, the exact amount to be
7  proven at trial. He and his wife also suffered loss of consortium as a direct result of his
   injuries.
8
   15. During the course of this detention, assault, and battery of Mr. Welch, he asked several
9  times, " am I under arrest?", and was told "no". He then stated, "then you have my personal
10 phone number and address, I want to leave for tonight." He was told emphatically "you
11 cannot leave."
12 16. Mr. Welch specifically does not consent to trial by a Magistrate.
13 17. Mr. Welch further enters here a demand for a jury trial.
14
15
                          **CAUSES OF ACTION**
16                              **COUNT I**
17                        **UNCONSTITUTIONALLY**
18                       **EXCESSIVE USE OF FORCE**
                            **BY GANG-TACKLING**
19
20
21 17. Plaintiff restates and re-alleges each allegation set forth above in Paragraphs One through
22 Sixteen, as if expressly set forth herein.
23 reasonableness for the circumstances then and there existing, in their arrest and interview of
24 Plaintiff Welch.18. During the course of contact by Defendant Rialta and three of the other
25 defendants with Plaintiff Welch, Rialta and three other officers named as Defendants used
26 excessive force, by gang-tackling him in a manner and to a degree which violated the United
27 States Constitutions Fourth and Fourteenth Amendments' prohibition against unreasonable
28

seizures, excessive police force, and Laws of the United States and Alaska, and which was outside the scope of

19. The excessive force levied against Plaintiff Welch caused severe and permanent injury, as well as extreme pain and suffering to Plaintiff Welch.

20. As a direct result of the use of excessive force by the Defendants, Plaintiff has suffered damages in an amount to be proven at trial.

## COUNT II

## UNCONSTITUTIONALLY

## EXCESSIVE FORCE

## BY HOBBLING

21. Plaintiff restates and re-alleges each allegation set forth above in Paragraphs One through Twenty, as if expressly set forth herein.

22. During the course of contact by Defendant Rialta and three of the other defendants with Plaintiff Welch, Rialta and three or four other officers named as Defendants used excessive force, by hobbling him in a manner and to a degree which violated the Constitution and Laws of the United States, and which was outside the scope of reasonableness for the circumstances then and there existing, in their detention for interview of Plaintiff Welch, barely able to breathe, for a long time.

23. The excessive force levied against Plaintiff Welch caused severe and permanent injury and extreme pain and suffering to Plaintiff.

24 As a direct result of the use of excessive force by the Defendants, Plaintiff has suffered damages in an amount to be proven at trial.

## COUNT III

## NEGLIGENCE

25. Plaintiff restates and re-alleges each allegation set forth above in Paragraphs One through Twenty Four, as if expressly set forth herein.

26. Defendants Rialta, Armstrong, Davidson, Kerle, Mitchell, Vandervalk, Henikman, Cottle, and Cross owed a duty of care to Plaintiff Welch in the execution of their duties as police officers.

27. At the time of the events described above, these Defendants were negligent and breached their duty to Plaintiff Welch, by but not limited to the following:

   a. Failing to protect the health and safety of Plaintiff once in custody.

   b. Failing to use due care in the process of investigation and in executing the detention and interviewing of Plaintiff.

   c. Failing to use reasonable levels of force necessary to affect the custody and interviewing of Plaintiff.

28. As a direct and proximate result of the negligence of these Defendants, Plaintiff Welch suffered severe and permanent physical injuries.

29. As a result of the negligent conduct of these named Defendants, Plaintiff Welch has suffered damages, the exact amount to be proven at trial.

## COUNT IV

## FAILURE TO PREVENT ASSAULT

30. Plaintiff restates and re-alleges each allegation set forth above in Paragraphs One through Twenty Nine above, as if expressly set forth herein.

31. During the course of contact, assault, and battery of Plaintiff Welch Defendants-Detectives Vandervalk, Henikman, Cottle, and Sergeant McCoy, as well as any John Doe Duty Officers present, were aware of the violent assault, battery, and long-term hobbling, and failed to prevent or attempt to stop it, and therefore breached their legally and Constitutionally required duty to prevent it

32. These additional Defendants therefore participated, ignored, or condoned the assault, thereby also causing the infliction of his severe and permanent injuries, as well as extreme pain and suffering.

33. As a direct result of these Defendant's failure to uphold the Law and Constitution, Plaintiff has suffered damages in an amount to be proven at trial.

## COUNT V
## SUPERVISOR LIABILITY

34. Plaintiff restates and re-alleges each allegation set forth above in Paragraphs One through Thirty Three as if expressly set forth herein.

35. Police Chief Mews is aware of the misuse of gang-tackling and hobbling. Through his inaction in the training, supervision, or control of his subordinates, his acquiescence in the Constitutional deprivation of the rights of Plaintiff Welch, shows a reckless, deliberate and callous indifference or at the least negligence to the rights of Plaintiff Welch, therefore Chief Mews also caused the infliction of Plaintiff Welch's severe and permanent injuries and extreme pain and suffering.

36. As a direct result of Defendant Mews action, inaction, acquiescence, deliberate and callous indifference, Plaintiff Welch has suffered damages in an amount at be proven at trial.

## COUNT VI

## MUNICIPAL LIABILITY

37. Plaintiff restates and re-alleges each allegation set forth above in Paragraphs One through Thirty Six above as if expressly set forth herein.

38. The Municipality of Anchorage, Alaska, is extremely negligent in allowing its Police Force to utilize gang-tackling and hobbling in any given situation. This policy of negligence directly leads to and causes the violation and deprivation of the Constitutional rights of the persons whom its police officers are likely to come into contact with, and Plaintiff Welchs injuries would have been avoided had the City mandated, regulated, passed Statutes or at least agency rules, or in any way taken an interest in the requirement of closer supervision, training, and control over in which situations and to what degree and methods gang-tackling and hobbling could permissibly be used.

39. As a direct result of Defendant Municipality of Anchorages' negligence, Plaintiff Welch has suffered damages in an amount to be proven at trial.

## COUNT VII
## STATE LAW
## ASSAULT AND BATTERY

40. Plaintiff restates and re-alleges each allegation set forth above in Paragraphs One through Thirty Nine and incorporates them herein by reference.

41. During the course of actions taken by Defendants Rialta, Armstrong, Davidson, Kerle, Mitchell, Vandervalk, Henikman, Cottle, and Cross acted in such a threatening manner as to intentionally and recklessly cause fear of harm.

Case 3:11-cv-00223-SLG   Document 1   Filed 11/14/11   Page 8 of 12

42. During the course of actions taken by these Defendants, they acted in such a manner as to carry out their threatening behavior which caused violent contact with the Plaintiff, causing severe and permanent injuries and severe pain and suffering.

43. Plaintiff Welch has suffered damages in an exact amount to be proven at trial.

## COUNT VIII

## STATE LAW

## EXCESSIVE USE OF FORCE

44. Plaintiff restates and re-alleges each allegation set forth above in Paragraphs One through Forty Three, as if expressly set forth herein.

45. During the course of contact by Defendants Rialta, Armstrong, Davidson, Kerle, Mitchell, Vandervalk, Henikman, Cottle, and Cross, Defendants utilized excessive force, outside the scope of reasonableness for the circumstances then and there existing, in their detention and interviewing of Plaintiff Welch.

46. The excessive force levied against Plaintiff Welch caused injury to Plaintiff.

47. As a result of the use of excessive force by these Defendants, Plaintiff Welch has suffered damages in an amount to be determined at trial.

## COUNT IX

## UNCONSTITUTIONAL AND UNLAWFUL

## CUSTODIAL INTERROGATION

48. Plaintiff Richard Welch restates and re-alleges each allegation set forth in Paragraph One through Forty Seven as if expressly set forth herein.

49. During the course of contact described above, Plaintiff Richard Welch repeatedly requested that if he was not under arrest he be allowed to go home, and through force, intimidation, and a violent assault and battery, Defendants exercised Unconstitutional custodial interrogation, violating his Fourth and Fourteenth Amendment rights which prohibit unlawful seizure. Defendants/Officers told him in no uncertain terms that he was not under arrest.

50. The threats and intimidation, coupled with the style of gang tackling and hobbling force used, directly caused injury to Plaintiff.

51. As a result of this unlawful and forceful detention, after Plaintiff repeatedly requested to be allowed to leave, Plaintiff has suffered damages in a amount to be proven at trial.

# PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. Judgment against Defendants, Rialta, Armstrong, Davidson, Kerle, Mitchell, Vandervalk, Henikman, Cottle. Cross, Mew, John Does I, II, III, APD, and Municipality of Anchorage for the actions and failures to act in the course and scope of their employment by MOA, in the amount of $ 1,000,000.00 in compensation for his injuries.

2. Judgment against all defendants in the amount of $ 10,000,000.00 in punitive damages.

3. An Injunction against APD, prohibiting officers from using gang-tackling and hobbling until such time as a representative appointed by This Court decides that the officers of APD have been properly trained in the type of situation and to what degree these methods may Constitutionally be used. Plaintiff further prays that a representative of the public from the American Civil Liberties Union and the American Trial Lawyers Association interprets any changes in the use of these methods as being in agreement with the Constitutions and Laws of the United States and Alaska.

4. For such other and further relief the court deems just and equitable under the circumstances.

_Richard Welch_ 11/2/2011

Richard Welch/Plaintiff    Date

# AFFIDAVIT

I, Richard Welch, Plaintiff in this Complaint, do affirm herein, under penalty of perjury, that all of the statements made in this Complaint, are true and correct to the best of my abiity

_____ 11/3/2011

Richard Welch/ Affiant