Re: Welch v. MOA et al., 3:11-CV-00223 SLG

July 13, 2012

Mr. Welch --

I am without a secretary today to help me put things in their proper form, but wanted to get this in the mail to you in accordance with the Court's order.

This is a DRAFT and lacks the parties' signature spaces and the Court's signature space. When you have reviewed this, please give me a call with your thoughts. Thank you.

*Joyce Weaver Johnson*

DRAFT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RICHARD WELCH, | ) |
|       Plaintiff, | ) |
| vs. | ) |
| MUNICIPALITY OF ANCHORAGE, ANCHORAGE POLICE DEPARTMENT, OFFICERS RIALTA, ARMSTRONG, DAVIDSON, KERLE, MITCHELL, VANDERVALK, HENIKMAN, COTTLE, B. CROSS, APD SUPERVISOR/DUTY OFFICER, APD TRAINING COORDINATOR, APD POLICE CHIEF MEW, and JOHN DOES I, II, III, | ) |
|       Defendants. | ) |
| | ) Case No. 3:11-CV-00223 SLG |

## JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER; STIPULATED PROTECTIVE ORDER

### I. JOINT MOTION

The parties, plaintiff Richard Welch, *pro se*, and defendants Municipality of Anchorage (including its Anchorage Police Department) and named employee defendants, through counsel, the Municipal Attorney's Office, move jointly for entry of the Stipulated Protective Order submitted herewith. The proposed Order limits use and redisclosure of any confidential internal documents which APD may produce to plaintiff.

    1.    Plaintiff's Complaint under 42 U.S.C. §1983 chiefly alleges that some of the named police officers used excessive force when restraining him during an investigation November 18, 2009. Defendants have denied the use of excessive force.

    2.    Plaintiff has orally requested discovery of (A) complaints of excessive force against the officers restraining him, and (B) any changes in APD policy concerning "hobbling" between the autumn of 2009 and the spring of 2010.

    3.    To clarify terminology: APD handles complaints against officers through its Internal Affairs unit; APD's term for "hobbling" is "total restraint."

DRAFT

4. Defendants have advised plaintiff and the Court that APD considers both its internal policies and Internal Affairs files highly confidential and does not release them without a protective order. The Joint Motion and Stipulated Protective Order are intended to avoid the need for the parties to brief, and the Court to decide, the discoverability of what plaintiff requests, or the confidentiality of the records.

5. After investigation, APD resolves Internal Affairs complaints in one of four ways, from "unfounded" (meaning the alleged incident did not occur or the employee named was not involved) up to "sustained" (meaning the incident did occur and the employee named was responsible and culpable.) It is defendants' position that only "sustained" complaints of excessive force are potentially relevant in this case.

6. The police reports disclosed to plaintiff, at Bates Nos. 9-18, identify defendant Geiger as the officer who placed plaintiff in total restraints.

7. The Court at the June 27 status conference and in its order at Dkt. 47 directed defendants to propose a confidentiality agreement. This Joint Motion and the Stipulated Protective Order below are filed accordingly.

## II. STIPULATED PROTECTIVE ORDER

1. The Joint Motion for Entry of Stipulated Protective Order is GRANTED.

2. Plaintiff's use of any material disclosed pursuant to this Order is strictly governed by the protective terms of this Order.

3. Defendants shall produce to plaintiff, not later than _____, 2012, all complaints of excessive force which Internal Affairs has sustained against defendant Geiger. Defendants may redact identifying information as to complainants or other officers involved in any such complaint.

4. Defendants shall produce to plaintiff, not later than _____, 2012, its policies on total restraints as in effect on November 18, 2009, along with any changes made to such policies between autumn of 2009 and spring of 2010. Defendants may redact portions of such policies that do not relate to total restraints.

5. Any Internal Affairs records or policies produced pursuant to this Order are for review only by plaintiff, who shall not copy or redisclose any of the records or policies produced.

6. At the conclusion of this case, plaintiff shall return his copy of each item discovered pursuant to this Order to the Municipal Attorney's Office, Attn.: Joyce Weaver Johnson.

7. Nothing in this Order prohibits plaintiff from moving for the admission into evidence in this case of any items discovered pursuant to the Order.

8. Violation of this Order shall be punishable by contempt.

Respectfully submitted this \_\_\_\_ day of _____, 2012.

